**Thomas P. TAYLOR, Plaintiff-Appellant,**

v.

**Paul BRYAN, Defendant-Respondent.**

**No. 13220.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 1984.

Scott B. Stinson, Mountain Grove, for plaintiff-appellant.

Daniel P. Wade, Wade & Haden, Ava, Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff and defendant are former partners. Plaintiff's petition sought the sale of a bulldozer which was the sole partnership asset, an accounting, and damages for "Defendant's breach of fiduciary duties". Defendant denied the material allegations of plaintiff's claim, and counterclaimed for damages for fraud. Apparently there was no written partnership agreement and all partnership debts had been paid prior to trial.

Following nonjury trial the trial court denied both claims for damages and ordered "that Plaintiff Taylor should receive the 450 Case Bulldozer and pay to Defendant Bryan the sum of $10,000.00; that after all these set offs as set out herein Plaintiff owes Defendant $9,029.75". The trial court apparently valued the bulldozer at $20,000.

Plaintiff contends on appeal that he should not have been required to take the bulldozer and pay any amount to defendant, and that he was entitled to have it sold and receive his interest in cash. We determine that he is correct.

Section 358.380.1, RSMo 1978, provides in part:

"When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his copartners and all persons claiming through them in respect of their interests in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners."

Section 358.380 is § 38 of the Uniform Partnership Act. The official comment on that section states: "The right given to each partner, where no agreement to the contrary has been made, to have his share of the surplus paid to him in cash makes certain an existing uncertainty." Unif. Partnership Act § 38, 6 U.L.A. 457.

*Fortugno v. Hudson Manure Company,* 51 N.J.Super. 482, 144 A.2d 207, 219 (1958), states that one partner cannot be forced to buy out another's interest and when they cannot agree otherwise, a sale of the partnership assets is required. That also appeared to be the rule in Missouri prior to adopting the Uniform Partnership Act. "When partners do not or cannot agree, a court of equity, on proper application, will order the property to be sold in order to ascertain its value." *DuPont v. McLaran,* 61 Mo. 502, 511 (1876).

Although there may be cases where a sale of partnership assets should not be ordered, see *Rinke v. Rinke,* 330 Mich. 615, 48 N.W.2d 201, 207 (1951), a question we do not decide, this is not one of them. There are no circumstances here that would make such a sale more impractical than it ordinarily is and no apparent reason to depart from what is at least a general rule. Plaintiff should not be required to take the bulldozer and pay defendant for his interest in it. A sale of the bulldozer should have been ordered.

The portion of the judgment ordering plaintiff to take the bulldozer and make payment to defendant is reversed and the cause remanded with directions to the trial court to order that the bulldozer be sold. If the parties can agree upon the procedure and manner of sale, that may be followed, and if not, the sale should be held in such a manner and upon such terms and conditions as the trial court deems proper. In all other respects the judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.